UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MARK MILLIRON            )
AND                      )
TRACY DELL'ORTO (h/w)    )
                         )        Case Number
          Plaintiff      )
                         )        CIVIL COMPLAINT
     v.                  )
                         )
PORTFOLIO RECOVERY       )
ASSOCIATES, LLC          )        JURY TRIAL DEMANDED
                         )
          Defendant      )
_____)


**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Mark Milliron and Tracy Dell'Orto, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Mark Milliron and Tracy Dell'Orto, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District.

## III. PARTIES

4. Plaintiffs, Mark Milliron and Tracy Dell'Orto, h/w, are adult natural persons residing at 58 Allen Street, Netcong, New Jersey 07857. At all times material and relevant hereto, Plaintiffs are "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of New Jersey and Virginia, with their principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about August 1, 2000, Plaintiffs had received a discharge as a result of a Chapter 7 Bankruptcy filing.

8. In or about late 2009, Plaintiffs were contacted by Capital Management Service in attempt to collect on an allege debt owed to Capital One.

9. Plaintiffs contacted Capital Management and explained that the Capital One account was included in the bankruptcy from 2000 and was discharged as a result of the bankruptcy.

10. Plaintiffs sent proof of the bankruptcy filing and the discharge to Capital Management.

11. On or about July 28, 2011, Plaintiffs began receiving phone calls from Defendant regarding the same alleged Capital One debt.

12. Plaintiffs explained to Defendant's agent, the alleged debt was discharged in the 2000 Bankruptcy.

13. Plaintiffs received a letter from the Defendant dated August 18, 2011 attempting to collect on the same Capital One account.

14. Plaintiffs sent proof showing the alleged debt was discharged to the Defendant.

15. Plaintiffs called Capital One regarding the alleged debt being discharged and Plaintiffs were told it had to be handled through the Defendant.

16. Plaintiffs attorney, who represented them in the 2000 Bankruptcy, contacted the Defendant and advised the Defendant that the Capital One account was discharged.

17. Despite contact from the Plaintiff's attorney and being sent proof from the Plaintiffs, Defendant continues to contact the Plaintiff attempting to collect the alleged debt.

18. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

    § 1692d:    Any conduct the natural consequence of which is to harass, oppress, or abuse any person

    § 1692d(5):    Caused the phone to ring or engaged any person in telephone conversations repeatedly

    § 1692e:    Any other false, deceptive, or misleading representation or means in connection with the debt collection

    § 1692e(2):    Character, amount or legal status of the alleged debt

    § 1692e(10):    Any false or deceptive means to collect a debt or obtain information about a consumer

    § 1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

    § 1692f(1):    Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Portfolio Recovery Associates, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

Date: October 21, 2011    **BY: _/s/ Bruce K. Warren_**
          Bruce K. Warren, Esquire

          **BY: _/s/ Brent F. Vullings_**
          Brent F. Vullings, Esquire

          Warren & Vullings, LLP
          93 Old York Road, Suite 333
          Philadelphia, PA  19046
          215-745-9800  Fax 215-745-7880
          Attorneys' for Plaintiff